649 So.2d 1169 (1995)
STATE of Louisiana, Appellee,
v.
Ralph GUFFEY, Defendant-Appellant.
No. CR94-797.
Court of Appeal of Louisiana, Third Circuit.
February 1, 1995.
Rehearing Denied March 17, 1995.
*1170 James Lewis, Asst. Dist. Atty., Edward Lacy Tarpley Jr., Colfax, for State.
Richard V. Burnes, Alexandria, George Lewis Higgins III, Pineville, for Ralph Guffey.
Before KNOLL, SAUNDERS and AMY, JJ.
SAUNDERS, Judge.
The state charged defendant, Ralph Guffey, by bill of information with five counts of molestation of a juvenile, in violation of Louisiana Revised Statutes 14:81.2(A). The offenses occurred at various times from June of 1989 until February of 1991. On February 24, 1994, the defendant withdrew his plea of not guilty and entered a plea of nolo contendere to five counts of carnal knowledge of a juvenile in violation of Louisiana Revised Statutes 14:80, which the trial court accepted. The trial court ordered a presentence investigation, and on February 24, 1994, sentenced the defendant to three (3) years at hard labor on counts one, two, and three to run consecutively. On counts four and five, the trial court sentenced the defendant to five (5) years at hard labor. The five year sentence was suspended and the defendant was placed on five years supervised probation to run concurrently with each other but, consecutive to the sentences imposed in counts one, two, *1171 and three. On the day of sentencing, the defendant requested to withdraw his plea of nolo contendere, which the trial court denied.
The defendant filed a motion to reconsider sentence on May 20, 1994, which the trial court denied.
The defendant has timely perfected this appeal alleging seven assignments of error.

FACTS
Defendant, Ralph Guffey (hereafter Guffey), was accused of having sexual intercourse with his step-daughter. At the time of the first alleged act of sexual intercourse, the victim was fifteen years old. Guffey allegedly had intercourse with the victim at various times from June, 1989 until February, 1991. During the alleged acts of intercourse, the victim was under the age of seventeen and Guffey was over the age of seventeen, there was at all times an age difference of greater than two years between them.

ERRORS PATENT
Louisiana Code of Criminal Procedure Article 920 provides the scope of this court's review on appeal:
The following matters and no others shall be considered on appeal:
(1) An error designated in the assignment of errors; and
(2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
In accordance with that article, all appeals are reviewed on the face of the record for errors patent. After reviewing the record, we find no errors patent.

ASSIGNMENT OF ERROR NO. 1
Guffey asserts that the trial court erred in allowing him to enter pleas of nolo contendere to five counts of carnal knowledge of a juvenile when the original bill of information charged him with five counts of molestation of a juvenile. Guffey argues that his plea was invalid because a plea to carnal knowledge of a juvenile is not responsive to a charge of molestation of a juvenile. Guffey also contends that the District Attorney had not made a written amendment to the bill of information before he entered his plea.
A review of Louisiana Code of Criminal Procedure Article 814 indicates that there are no statutorily listed responsive verdicts to molestation of a juvenile. Therefore, we must determine whether carnal knowledge of a juvenile is a lesser and included offense of molestation of a juvenile. La.Code Crim. P.Art. 815(2)[1].
The Louisiana Supreme Court set forth the test which must be used to determine if a crime is a lesser and included offense of the offense charged under article 815(2). The court stated:
"[T]he test is whether the definition of the greater offense necessarily includes all the elements of the lesser. Stated in another way for practical application, this merely means that, if any reasonable state of facts can be imagined wherein the greater offense is committed without perpetration of the lesser offense, a verdict for the lesser cannot be responsive."
State v. Simmons, 422 So.2d 138, 142 (La. 1982) (emphasis added) (italics deleted) (citations omitted).
Louisiana Revised Statutes 14:81.2 provides:
A. Molestation of a juvenile is the commission by anyone over the age of seventeen of any lewd or lascivious act upon the person or in the presence of any child under the age of seventeen, where there is an age difference of greater than two years between the two persons, with the intention of arousing or gratifying the sexual desires of either person, by the use of force, violence, duress, menace, psychological intimidation, threat of great bodily *1172 harm, or by the use of influence by virtue of a position of control or supervision over the juvenile. Lack of knowledge of the juvenile's age shall not be a defense.
Louisiana Revised Statutes 14:80 provides:
A. Carnal knowledge of a juvenile is committed when:
(1) A male over the age of seventeen has sexual intercourse, with consent, with any unmarried female of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons; or
(2) A person over the age of seventeen has anal or oral sexual intercourse, with consent, with a person of the age of twelve years or more, but under the age of seventeen years, when there is an age difference of greater than two years between the two persons.
B. Lack of knowledge of the juvenile's age shall not be a defense. Emission is not necessary; and penetration, however slight, is sufficient to complete the crime.
We find from our reading of the two statutes that there are circumstances wherein acts proscribed by 14:81.2 could be committed without committing acts proscribed by 14:80, e.g., female over the age of seventeen (17) having sexual intercourse with an unmarried male age twelve or older. Consequently, we find that 14:80 is nonresponsive to 14:81.2.
We find, however, even though Guffey pled nolo contendere to a charge which was nonresponsive to the original bill of information this is not reversible error. Louisiana Code of Criminal Procedure Article 487(B) provides:
B. Nothing contained herein shall be construed to prohibit the defendant from entering a plea of guilty to a crime nonresponsive to the original indictment when such a plea is acceptable to the district attorney, and in such case, the district attorney shall not be required to file a new indictment to charge the crime to which the plea is offered.
If a defendant does plead guilty to a nonresponsive crime, the district attorney is only required to amend the indictment rather than file a new one. State v. Cook, 372 So.2d 1202, 1205 (La.1979). Since Louisiana Code of Criminal Procedure Article 461 makes Article 487 applicable to bills of information, the Cook holding applies in this case.
Guffey further contends that the requirements of Article 487(B) were not met because the district attorney did not amend the proper bill of information. An original bill of information was filed on August 25, 1992, charging Guffey with five counts of molestation of a juvenile in violation of Louisiana Revised Statutes 14:81.2 An amended bill of information was filed on January 6, 1993, also charging Guffey with five counts of molestation of a juvenile but, adding additional offense dates. When Guffey entered a plea of nolo contendere to five counts of carnal knowledge of a juvenile, the district attorney handwrote the words "I amend all five counts to R.S. 14:80, carnal knowledge of a juvenile," on the original bill of information filed on August 25, 1992, instead of the second amended bill of information. The district attorney then signed and dated the amendment on February 24, 1994. Guffey claims his plea was invalid because the amendment was made to the original bill of information, rather than to the charging document.
Guffey also contends that the "amendment" was untimely because it was not made prior to his plea. We find any purported error made by the district attorney in amending the original bill of information, rather than the charging bill of information, is harmless. In State v. Barclay, 591 So.2d 1178 (La.App. 1st Cir.1991), writ denied, 595 So.2d 653 (La.1992), the court held that when:
"[T]he defendant enters a plea of guilty to a crime nonresponsive to the original indictment when such plea is acceptable to the district attorney, the defendant is fully aware of the charge to which he has pleaded as shown by extensive Boykinization, and the plea is not prejudicial to the defendant, any error caused by a failure to amend the indictment is harmless."
In the instant case, the plea was acceptable to the district attorney. The record clearly *1173 indicates that Guffey was fully aware of the charges to which he was pleading. The trial court explained to Guffey the elements of the crime to which he was pleading, and he was extensively Boykinized by the trial judge. Furthermore, we find that the plea was not prejudicial to Guffey since the possible sentence for the crime of carnal knowledge of a juvenile is less than that for the crime of molestation of a juvenile. An additional reason we find any alleged error to be harmless is that both the original and amended bill of information charged Guffey with the same crime, five counts of molestation of a juvenile. The only difference was that the amending bill of information expanded the time frame of the commission of the offenses. Because we find that any alleged error made by the district attorney in amending the wrong bill of information was harmless, it is not necessary for this court to determine whether such an error was actually made.
Additionally, we note that by entering a plea of nolo contendere Guffey waived his right to complain of the allegedly improper amendment. In State v. Cox, 474 So.2d 523, 526 (La.App.3d Cir.1985), writ granted in part on other grounds, otherwise denied, 481 So.2d 1328 (La.1986), this court held that "[t]he technical sufficiency of an indictment may not be raised after conviction where the accused has been fairly informed of the charge against him and has not been prejudiced by surprise or lack of notice and will not be truly subject to any jeopardy of further prosecution." (Emphasis added.)
In Cox, the defendant agreed to a plea bargain wherein her original charge of second degree murder would be reduced to manslaughter. The defendant later decided to withdraw her plea, and the prosecution failed to re-amend the indictment to second degree murder. Because of this, the defendant claimed she was tried for second degree murder under an invalid indictment. Id. at 526-27. This court found no error, because Cox had made no claim that she and her attorney were not fully aware that by withdrawing her guilty plea, the prosecution's offer to reduce her charge to manslaughter was also withdrawn. Furthermore, the court found that no objection was made when the indictment for second degree murder and defendant's plea were read in open court. Id. at 526-27.
The Cox case is analogous to the case at hand, and for the same reasons given in Cox, the defendant in the present case has waived his right to complain of the state's alleged failure to amend the proper bill of information. First of all, a sentence imposed upon a plea of nolo contendere as in the instant case is considered a conviction. La.Code Crim. P.Art. 552. Therefore, Guffey has waived any objections to the technical sufficiency of the bill of information. As stated earlier, Guffey and his attorney were fully aware that the charges against him were being reduced to five counts of carnal knowledge of a juvenile. After the district attorney informed the trial court that the parties had entered into a plea agreement wherein the defendant would plead nolo contendere to five (5) counts of carnal knowledge with a juvenile, the defense attorney stated, "Yes sir, Your Honor, that is correct. We had much discussion about this case among the parties and in an effort to end this for all after a long two year period, Mr. Guffey would like to enter a plea of nolo contendere, no contest to the charges."
The trial judge explained to Guffey the elements of the crime of carnal knowledge of a juvenile to which he was pleading, and he was extensively Boykinized. Guffey also placed his fingerprints on the bill of information which contained the written amendment. Both the written amendment and the fingerprints were placed on the bill of information the same day as the Boykinization hearing, which was February 24, 1994, and Guffey did not raise any objection that the wrong bill of information was amended. Since the crime of carnal knowledge of a juvenile carries a lower possible sentence than the crime of molestation of a juvenile, Guffey was not prejudiced by the amendment of his charges. As stated above, the defendant was fully aware of the charges against him; therefore, he was not prejudiced by surprise or lack of notice. Additionally, the original bill of information and the amending bill of information both contain the charges *1174 of five counts of molestation of a juvenile. The only difference between the two is that the amending bill of information expands the time period in which the offenses were committed.
For the foregoing reasons, we find this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 2
Guffey contends that the trial court erred in accepting his plea of nolo contendere without conducting an evidentiary hearing and without establishing a significant factual basis for the plea. He cites State v. Linear, 600 So.2d 113 (La.App.3d Cir.1992), in support of his argument. In Linear, the court stated "[w]hen a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry." Id. at 115.
In the instant case, Guffey argues that the trial court was put on notice of the need for such an inquiry since he pled nolo contendere and never admitted guilt. However, the Louisiana Supreme Court has held that "a plea of nolo contendere is tantamount to an admission of guilt." La. State Bar Ass'n. v. O'Halloran, 412 So.2d 523, 525 (La.1982). Therefore, defendant's contention that he never admitted guilt is without merit. Furthermore, the defendant did not protest his innocence during the Boykinization proceedings. In fact, the trial judge mistakenly asked Guffey if he was pleading guilty of his own free will instead of asking him if he was pleading nolo contendere, and the defendant answered "yes." We find that Guffey's plea was tantamount to an admission of guilt and there was nothing in the proceeding to put the trial judge on notice that a factual basis needed to be ascertained. Although, we conclude that the trial judge did not err in not conducting an evidentiary hearing, the factual basis obtained by the trial judge was sufficient. The factual basis presented was as follows:
"BY THE COURT:
Mr. Tarpley, if you will, I need for you to set forth a bit about the case in order to tell me whether or not there is a factual basis for the plea.
BY MR. TARPLEY:
Yes, Your Honor. The allegations are that the defendant, Ralph Guffey, on or about and during the month of June, 1989, had sexual intercourse with [the victim] who was and still is his step-daughter. [The victim] who has a date of birth of May 26, 1974, was at this time the age of fifteen. Count two alleges that Ralph Guffey on or about and during the month of July, 1989, Ralph Guffey had sexual intercourse again with [the victim]. Count three alleges that during the months of August, 1989 through December 1989, Ralph Guffey had yet another act of sexual intercourse with [the victim]. Count four alleges that during the year of 1990, Ralph Guffey had an act of sexual intercourse with [the victim]. And the fifth count alleges that during the months of January and February, 1991, Ralph Guffey had sexual intercourse with [the victim]. At all times during this time [the victim] was under the age of seventeen, Ralph Guffey was over the age of seventeen, there was an age difference more than two years between them. In summary, that's... that's a basic synopsis of the case. Would you like any further information regarding it?
BY THE COURT:
In other words, you have other evidence in the file then to verify those facts according to ...
BY MR. TARPLEY:
Yes, we have the ... we have ... the testimony of [the victim] would substantiate, corroborate, and establish that all of the acts of sexual intercourse took place. And we have ... would have evidence to introduce regarding the very first time, the very first incident of sexual intercourse between Ralph Guffey and [the victim], which took place during the month of June, 1989. At that particular incident we have two witnesses who would testify that they saw Ralph Guffey in the bedroom of [the victim], [the victim] was in the bed, the *1175 sheets were pulled up to about her chest, and that he only had on his underwear."
The trial judge asked the district attorney to set forth certain facts in order to determine if there was a factual basis for the plea. The district attorney complied, and the trial judge asked if there was any evidence to corroborate the facts alleged by the district attorney. The district attorney then listed witnesses who would corroborate his factual basis for the plea. The trial judge accepted the factual basis as sufficient for him to accept the plea of nolo contendere. For the above reasons, we find this assignment of error is without merit.

ASSIGNMENT OF ERROR NO. 3
Guffey contends that the trial court erred in denying his motion to withdraw his plea of nolo contendere. Louisiana Code of Criminal Procedure article 559 provides that the court may permit a plea of guilty to be withdrawn at any time before sentence. The Louisiana Supreme Court has consistently held that "discretion to permit a guilty plea to be withdrawn is vested in the trial judge. That discretion, however, cannot be exercised arbitrarily." State v. Johnson, 406 So.2d 569, 571 (La.1981). For instance, if a motion for withdrawal of a guilty plea contains "specific allegations that the guilty plea was involuntary, the Boykin colloquy was defective, there was a breach of the plea bargain agreement, or some other specific allegation that the plea is constitutionally infirm, the trial court should vacate the plea or conduct a hearing on the matter." State v. Parker, 581 So.2d 314, 318-19 (La.App. 1 Cir.1991).
In his motion to withdraw his plea of nolo contendere, defendant alleged that he was under emotional stress and did not appreciate the consequences of his action; the bill of information to which he pled was defective and improperly amended; no proper factual basis was laid and that defendant maintained his innocence. The trial judge heard this motion at defendant's sentencing and at a hearing on motions. We find nothing in the record that establishes that the trial court abused its discretion in denying Guffey's motion. Guffey was extensively Boykinized by the trial court. When asked if he was pleading guilty of his own free will, the defendant answered yes. The trial judge explained the elements of the crimes to which he was pleading, and the trial judge explained the possible sentence to him. We find that Guffey fully appreciated the consequences of his actions.
As far as Guffey's assertions that the bill of information was improperly amended and that no factual basis for the plea was laid, these were addressed in Assignments of Error Nos. 1 and 2. Guffey argues that he was confused about the charges to which he was pleading. We find, however, as previously discussed in this opinion that he was fully aware of the charges as discussed above. The charges to which Guffey pled were the result of plea bargaining in which Guffey was actively and personally involved; he was not surprised by the charges. Additionally, there is nothing in the record to suggest, nor is it even alleged, that any condition of the plea bargain was breached.
For the foregoing reasons, this assignment of error is without merit.

ASSIGNMENTS OF ERRORS NO. 4-7
Defendant's assignments of error four (4) through seven (7) will be discussed together. In these assignments, Guffey argues that the trial court committed error in sentencing him. First, he contends that the trial court erred in failing to consider the Louisiana Sentencing Guidelines and in making the sentences consecutive without stating adequate reasons or considering any mitigating circumstances. Additionally, he asserts that the sentence imposed by the trial court constitutes cruel and unusual punishment under the Eighth Amendment of the United States Constitution, and Article 1, § 20 of the La. Constitution of 1974.
In a recent opinion, State v. Smith, 639 So.2d 237, 240 (La.1994), the Louisiana Supreme Court held:
"(1) [W]hile a trial judge must consider the Guidelines, he has complete discretion to reject the Guidelines and impose any sentence which is not constitutionally excessive, but is within the statutory sentencing range for the crime of which a defendant *1176 has been convicted, so long as he states for the record the considerations taken into account and the factual basis for his imposition of that sentence, La. Code Cr.P. art. 894.1; and (2) where the trial judge has considered the Guidelines and imposed a sentence, adequately stating for the record the considerations taken into account and the factual basis for imposition of that sentence, an appellate court is limited to a review of the sentence imposed for constitutional excessiveness, without regard as to whether the trial judge either employed or deviated from the Guidelines."
 (Footnote omitted.)
In the instant case, the trial court did not state for the record that it had considered the Guidelines nor did it give a factual basis for the imposition of that sentence. Instead, the trial court simply stated: "Mr. Guffey, you entered a plea of nolo contendere to five counts of carnal knowledge of a child, a juvenile. And there is certainly more than adequate basis for the sentence that I am going to impose upon you." At the Boykinization hearing, the trial court ordered a presentence investigation and noted that the sentence would be based on the PSI report. Additionally, in denying Guffey's motion to withdraw his plea, the trial court stated that the defendant had been able to convince the District Attorney to reduce his charge from molestation of a juvenile which required a long mandatory sentence to the lesser charge of carnal knowledge of a juvenile. However, none of these factors nor any others were mentioned at the time of sentencing.
For the foregoing reasons, we remand this case for resentencing in order for the trial court to comply with the standards set forth in State v. Smith, supra.

ASSIGNMENT OF ERROR NO. 8
Guffey asserts that the trial court erred in denying his Motion to Reconsider Sentence. In light of the fact that we are remanding this case for resentencing, this assignment of error is moot.

CONCLUSION
For the foregoing reasons, we affirm defendant's conviction but remand this case for resentencing in accordance with State v. Smith, supra.
AFFIRMED AND REMANDED FOR RESENTENCING.
AMY, J., concurs.
KNOLL, J., concurs in part with reasons.
KNOLL, Judge, concurring in part.
I agree that the defendant's conviction should be affirmed and that it is necessary to remand this case to the sentencing court for resentencing. However, I respectfully disagree with the majority's treatment of assignments of error one and two, and concur in the results of these two issues.
It is clear that a plea of nolo contendere is tantamount to an admission of guilt and is equivalent to a plea of guilty. Louisiana State Bar Ass'n v. O'Halloran, 412 So.2d 523 (La.1982). As pointed out in State v. Crosby, 338 So.2d 584 (La.1976), and its progeny, when a plea of guilty is entered, the defendant waives all non-jurisdictional defects. In the case sub judice, the first two assignments of error do not involve jurisdictional defects. By entering a plea of nolo contendere the defendant waived his right to complain of the first two assignments of error. The majority opinion improperly provides a detailed analysis of issues which in turn encourage frivolous appeals. The correct treatment should simply state that these assignments of error are not properly before us for appellate review as the issues concern non-jurisdictional defects which defendant waived when he entered his plea.
NOTES
[1] In all cases not provided for in Article 814, the following verdicts are responsive:

(1) Guilty;
(2) Guilty of a lesser and included grade of the offense even though the offense charged is a felony, and the lesser offense a misdemeanor; or
(3) Not Guilty.