704 So.2d 245 (1998)
STATE of Louisiana
v.
Chieno ORMAN.
No. 97-KP-2089.
Supreme Court of Louisiana.
January 9, 1998.
PER CURIAM.
Writ granted; conviction and sentence reinstated. Although relator purported to enter a guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), relator did not claim at the guilty plea colloquy, and does not maintain in his present application, that he is innocent of the crime but instead has alleged only that as the result of drug and alcohol intoxication at the time of the offense, he remains unable to recall the critical events surrounding the death of the victim. Relator thus entered the equivalent of a nolo contendere plea which did not require the trial court to resolve the inherent conflict between the waiver of trial and a claim of innocence. See State v. Guffey, 94-0797, p. 11 (La.App. 3d Cir. 2/1/95), 649 So.2d 1169, 1174 (a nolo contendere plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis).
Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a bona fide Alford plea the record "before the judge [must] contain[] strong evidence of actual guilt," id., 400 U.S. at 38, 91 S.Ct. at 167, the standard under Alford is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]." Id., 400 U.S. at 31, 91 S.Ct. at 164. In this case, the trial court did not conduct an inquiry into the factual basis of the state's prosecution at the plea colloquy itself, but the court had previously conducted a preliminary examination during which the state presented extensive testimony detailing an eyewitness account of relator's commission of the murder, the physical evidence corroborating that account, and the statements made by relator to his girlfriend after the offense in which he confessed to the *246 crime. At the close of the hearing, the court found probable cause to hold relator on a charge of capital murder. In that context, the court had before it a sufficient record for evaluating the statements of relator's counsel at the subsequent plea colloquy that the evidence against relator was overwhelming and that he had no defenses to assert and for determining that relator's decision not to undergo the hazards of a capital trial but instead to plead to a reduced charge of second degree murder represented a knowing and voluntary choice among the alternatives. Relator has failed to carry his burden of demonstrating otherwise. La.C.Cr.P. art. 930.2.
MARCUS, J., not on panel.
TRAYLOR, J., not panel; recused.