759 So.2d 126 (2000)
STATE of Louisiana
v.
Joshua VILLARREAL.
No. 99-KA-827.
Court of Appeal of Louisiana, Fifth Circuit.
February 16, 2000.
Rehearing Denied March 27, 2000.
*127 Paul D. Connick, Jr. District Attorney, Alison Wallis, Assistant District Attorney, Joe Aluise, Spiro Latsis, Trial Attorneys, Counsel for appellee The State of Louisiana.
Douglas A. Allen, Jr., Mandeville, Louisiana, Counsel for defendant-appellant.
Court composed of JAMES L. CANNELLA, MARION F. EDWARDS and CLARENCE E. McMANUS, Judges.
*128 McMANUS, Judge.
The instant matter is an appeal from the denial of a Motion to Quash one count of an indictment which charged defendant herein, Joshua Villereal, with having possession of a firearm while in possession of a controlled substance, marijuana. LSA-R.S. 14:95 E. Following the denial of this motion, defendant plead guilty to the drug violations charged in the indictment and entered an Alford plea only to the weapon charge, maintaining his innocence of this crime. We affirm defendant's conviction and sentence, and remand only for correction of errors patent.
On September 8, 1998, the Jefferson Parish District Attorney filed a bill of information against defendant, Joshua Villarreal, charging him as follows: Count 1, distribution of marijuana on June 9, 1998, in violation of LSA-R.S. 40:966 A; Count 2 and Count 3, two instances of distribution of marijuana on June 26, 1998; and Count 4, possession of a firearm while in possession of a controlled dangerous substance (marijuana), in violation of LSA-R.S. 14:95 E. Defendant was arraigned on September 25, 1998, and pleaded not guilty as to all charges.
On May 13, 1999, defendant made an oral motion to quash the bill of information as to Count 4; a written motion followed on May 17th, 1999. The court denied the motion to quash without a hearing. The judge advised defendant of his constitutional rights under Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Defendant then pleaded guilty to Counts 1, 2, and 3. He denied guilt as to the allegations in Count 4, and entered a plea of nolo contendere[1] on that count. The state offered a note of evidence to establish a factual basis for defendant's plea on Count 4. At the conclusion of the hearing, defendant reserved his right to appeal the weapons charge. State v. Crosby, 338 So.2d 584 (La.1976).
Defendant was immediately sentenced to five years at hard labor as to the first three counts. The judge suspended that sentence and placed defendant on three years' active probation. The court additionally ordered that defendant pay a fine of one thousand dollars. As to Count 4, the trial court sentenced defendant to five years at hard labor, without benefit of parole, probation, or suspension of sentence.
On May 17, 1999, defendant filed a timely Motion for Appeal as to his conviction on Count 4. The motion was granted on June 19, 1999. This appeal is limited to defendant's conviction on Count 4.
As part of an offer of evidence made by the State on May 13, 1999, Sergeant Todd Vignes testified as follows. On June 9, 1998, an undercover officer with the Jefferson Parish Sheriff's Office purchased one ounce of marijuana from defendant, Joshua Villarreal. On June 22, 1998, an arrest warrant was issued for defendant based on that transaction. On June 26, 1998, the same undercover officer bought approximately one pound of marijuana from defendant. Sgt. Vignes provided backup surveillance during the transaction.
Once the second transaction was completed, Sgt. Vignes and other officers converged on the site of the purchase and found defendant in the undercover officer's vehicle, counting money. The pre-recorded money used in the buy was seized, along with the marijuana purchased by the undercover officer. Defendant was advised of his rights and placed under arrest. Defendant's van was parked at the scene, and Sgt. Vignes asked defendant whether it contained additional contraband. Defendant first responded that the vehicle belonged to a friend, and that there was nothing inside. Defendant then admitted that there was a knapsack inside, and that it contained marijuana. Agent McCaffrey located the knapsack, and found that it contained another one-half pound of marijuana. *129 Based on that discovery, defendant was advised that he would be charged with an additional count of possession with intent to distribute marijuana.
Officers on the surveillance team sought a search warrant for defendant's residence. Sgt. Vignes testified that he waited with defendant in front of the residence until the warrant was delivered. During that time, defendant told Sgt. Vignes there was an additional pound of marijuana in his bedroom. Sgt. Vignes and other officers executed the warrant. They found defendant's bedroom locked, and used his key to unlock the door. A pound of marijuana was found in an armoire. A gram of marijuana was found on a tray under defendant's bed, along with some hemostats (scissors-like device used to hold a burning marijuana cigarette).
Defendant advised the officers that there was money in a safe in his closet. The officers used defendant's key to open the safe, and found $1,120.00 in cash, along with a .9 mm pistol. The gun contained twelve rounds of ammunition. The officers charged defendant with possession of a firearm while in possession of a controlled dangerous substance.
As his only assignment of error, appellant alleges that the trial judge erred when he denied appellant's Motion to Quash the fourth count of the bill of information based on his interpretation of LSA-R.S. 14:95 E and State v. Warner, 94-2649 (La.App. 4th Cir. 3/16/95), 653 So.2d 57 because there was no evidence of a connection between the weapon and the drug possession and/or distribution.
We are required under constitutional due process principles to review the record of defendant's Alford plea for "strong evidence of actual guilt" (see discussion below), and since this review actually reaches the merits of defendant's assignment of error, we need not address the correctness or not of the denial of the motion. We will instead review the record to insure that the evidence of guilt meets constitutional requirements under the Alford standard of sufficiency.
Defendant purported to enter a plea of nolo contendere, or "no contest", on Count 4. A plea of nolo contendere is equivalent to an admission of guilt, and with the exception of its being inadmissible in a civil trial, is treated as a guilty plea. LSA-C.Cr.P. art. 552(4); State v. Cook, 95-212 (La.App. 3rd Cir. 10/18/95), 664 So.2d 489, 490, reversed on other grounds, 95-2784 (La.5/31/96), 674 So.2d 957, cert. denied, 519 U.S. 1043, 117 S.Ct. 615, 136 L.Ed.2d 539 (1996). Defendant nonetheless professed his innocence as to the allegations in Count 4, as if he were entering his plea under North Carolina v. Alford, supra (a guilty plea without an admission of guilt). Defendant's testimony was to the effect that he was pleading "not guilty" to the firearm [charge] so that he could appeal "that particular part of the case." As noted above, the commitment states that defendant made a plea of "nolle [sic] contendre [sic] under Alford." Further, though defendant's attorney made reference to a "Crosby" appeal at the conclusion of the hearing, if this was perhaps not what should have been said, when it is considered with defendant's own statements, is sufficient to preserve an assertion of innocence.
In State v. Walters, 591 So.2d 1352, 1355 (La.App. 4th Cir.1991), writ denied, 584 So.2d 1171 (La.1991), the court, citing Alford, found that "... an `Alford' plea and a plea of `nolo contendere' have no significant constitutional distinctions and have the identical legal consequences." A major procedural distinction between the two, however, is that a nolo contendere plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman, 97-2089 (La.1/9/98), 704 So.2d 245. In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt." North Carolina v. Alford, 400 U.S. at 38, 91 S.Ct. at 167. This court *130 has held that where there is a plea under Alford, "constitutional due process requires that the record contain `strong evidence of actual guilt'." State v. Bailey, 94-76 (La.App. 5th Cir. 6/28/94), 639 So.2d 860, 864. We are satisfied that it was defendant's intention to preserve his right to this review, and therefor our examination of the record discloses the following regarding his guilt of the charge in question.
The prosecutor apparently viewed defendant's plea as an Alford plea, as he put on evidence, "for the purpose of providing, on the record, a factual basis for the 95E charge, that, and that alone." The Louisiana Supreme Court, citing Alford, has held:
the standard under Alford is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternatives ..."
State v. Orman, 704 So.2d at 245.
LSA-R.S. 14:95 E provides, in pertinent part:
If the offender uses, possesses, or has under his immediate control any firearm, or other instrumentality customarily used or intended for probable use as a dangerous weapon, while committing or attempting to commit a crime of violence or while in the possession of or during the sale or distribution of a controlled dangerous substance, the offender shall be fined not more than ten thousand dollars and imprisoned at hard labor for not less than five nor more than ten yeas without the benefit of probation, parole, or suspension of sentence.
The Louisiana Supreme Court has found that the term "possess", as used in the statute, is broad enough to encompass both "actual" and "constructive" possession. State v. Sandifer, 95-2226, p. 10 (La.9/5/96), 679 So.2d 1324, 1331. In addition, under review for sufficiency of evidence, a person is found to be in constructive possession of a thing if it is subject to his dominion and control. State v. Taylor, 98-603, p. 5 (La.App. 5th Cir. 3/10/99), 733 So.2d 77, 80. This control can be temporary in nature and can be shared. State v. Jackson, 97-1246 (La.App. 5th Cir. 4/13/98), 712 So.2d 934; Taylor, 733 So.2d at 80.
Several factors may be considered in determining whether the defendant exercised dominion and control of contraband sufficient to constitute constructive possession. They are: (1) the defendant's knowledge that contraband is in the area; (2) his relations with a person found to be in possession; (3) the defendant's access to the area where the contraband is found; (4) evidence of recent drug use by the defendant; (5) the existence of drug paraphernalia; and (6) evidence that the area was frequented by drug users. State v. Williams, 98-1006, p. 6 (La.App. 5th Cir. 3/30/99), 735 So.2d 62, 69.
According to the testimony presented by the state, defendant did not have the weapon in question on his person at the time of arrest. Instead, some contraband and the weapon were found in his bedroom. Defendant testified that the gun did not belong to him, but that he was holding it for a friend as collateral on a loan. He stated that he did not intend to use the gun, and that he planned to return it to its owner. In other words, defendant seems to be arguing that he did not own the gun. This is not what the statute prohibits, however. And though defendant claimed that it was not his intention to use the gun, his testimony was not unequivocal. When defendant was asked what would happen if he were ever "set up" in a drug deal, his precise response was "Well, I guess I would have to pay, you know, that's what happens when you mess with stuff like that." Defendant admitted he was keeping the gun intentionally and *131 could not deny that use of the gun was a possibility in the course of "messing with", or, distributing, controlled substances. Further, though defendant testified that the gun had been unloaded in the safe, this testimony was plainly contradicted by the arresting officer, who stated that the gun had been found with one round in the chamber. The fact that the weapon was loaded plainly undermines defendant's credibility and his explanation of why he had the gun in his room.
Defendant acknowledged that he placed the gun in the locked safe in his bedroom. It is of no consequence that the gun was not actually on defendant's person at the time of arrest: these are not elements of the crime as specified in the statute. Defendant can be considered to have had constructive possession of the marijuana and the gun, as they were in the room he identified as his bedroom. The room and the safe were kept locked and defendant had the key, giving him control over their contents and "easy access" to the weapon. Jackson, 712 So.2d at 938. In State v. Taylor, supra, and State v. Williams, supra, this Court found the defendants had constructive possession of the contraband under LSA-R.S. 14:95 E where it was located in the defendants' bedrooms, and the evidence showed the defendants were the only ones with control over the things in those bedrooms.
We note finally, though this is not strictly one of the factors enumerated in Williams, that a large amount of cash had been found in the safe with the gun, which cash has been seized for forfeiture by the State. The gun had been kept not only in proximity to the controlled substance, therefor, but was stored with other contraband.
Guilty knowledge is an essential element of the crime of possession of contraband, and such knowledge may be inferred from the circumstances. State v. Reyes, 98-424 (La.App. 5th Cir. 12/29/98), 726 So.2d 84. Defendant told police that he had marijuana in his bedroom, and told them where to find it. He allowed them to open the safe, where the gun was located. And even if we were to believe defendant's testimony that he did not own the gun, his possession of it satisfies the statutory requirements. The record of the plea proceedings is legally sufficient to establish defendant's actual guilt of the crime charged as required under Alford.
The record in this case, including the Alford plea and the remaining guilty plea proceedings was reviewed for errors patent. LSA-C.Cr.P. art. 920; State v. Godejohn, 425 So.2d 750 (La.1983); State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir. 1990). Our review of the record discloses the following.
This court has found that determination of whether the trial court complied with LSA-C.Cr.P. art. 556.1 is within the scope of errors patent review. State v. Lecoq, 98-286 (La.App. 5th Cir. 8/25/98), 717 So.2d 1249. Article 556.1 encompasses the requirement that a defendant be properly "Boykinized." The guilty plea transcript shows that defendant was indeed properly advised of his Boykin rights, and that he knowingly and voluntarily waived them. Moreover, defendant and his attorney completed and signed a written guilty plea form which contains an explanation of his Boykin rights.
The court properly advised defendant of the minimum and maximum penalties to which he was exposed under LSA-R.S. 14:95 E. While the judge properly informed defendant of the minimum and maximum terms of imprisonment for distribution of marijuana, the judge erred in informing defendant that he was subject to a fine of up to ten thousand dollars. In actuality, LSA-R.S. 40:966 B(2) provides for a fine of up to fifty thousand dollars. This error was harmless, however, considering that the court actually imposed only a nominal fine of one thousand dollars. See also State v. Stamp, 98-193 (La.App. 5th Cir. 7/28/98), 718 So.2d 531, in which we *132 found the trial court's failure to inform the defendant of potential fines before accepting his guilty plea was harmless error where no fine had actually been imposed.
While the commitment shows that defendant was advised of the prescriptive period for filing an application for post-conviction relief under LSA-C.Cr.P. art. 930.8, the transcript does not reflect that defendant was so informed. When there is a conflict between the transcript and the minute entry, it is the transcript which prevails. State v. Lynch, 441 So.2d 732 (La.1983). It is further noted that article 930.8 was amended, effective August 15, 1999, to shorten the three-year prescriptive period. See, 1999 La. Acts 1262. The amended version provides, in pertinent part:
A. No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922, unless any of the following apply: ...
. . . .
(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.
The application of the amended prescriptive period to defendant's case would not violate ex post facto prohibitions, as the article itself does not relate to an offense or its punishment. See, State ex rel. Glover v. State, 93-2330, p. 20 (La.9/5/95), 660 So.2d 1189, 1201. It is therefor ordered that the district court send written notice of the amended prescriptive period to defendant within ten days of the rendering of this opinion, then file written proof in the record that defendant received such notice. State v. Stelly, 98-578 (La.App. 5th Cir. 12/16/98), 725 So.2d 562.
Although defendant's convictions on the first three counts of the bill of information are not before this court, a sentencing error is noted as to those counts. The court sentenced defendant as follows:
"Mr. Villarreal, on counts one, two, and three, which the first two are distribution of marijuana, and the third count is possession with intent to distribute marijuana, since you are a first offender, the Court is going to sentence you to five years in the custody of the Department of Corrections, I'm going to suspend the imposition of that sentence, and place you on three years active probation, and order that you pay a fine of a Thousand Dollars, plus court costs."
It appears the trial court imposed only one sentence as opposed to three separate sentences on counts one, two and three. It is considered a patent error when the trial court, in sentencing on multiple counts, fails to impose a separate sentence for each count. State v. Soco, 94-1099 (La.App. 1st Cir. 6/23/95), 657 So.2d 603. However, because those counts are not before this Court, no corrective action may be taken. We note that the defendant or the State may seek to have the illegal sentence corrected at any time by the trial court, by appeal in an appealable case, or by writs in a non-appealable case. LSA-C.Cr.P. art. 882.
For the foregoing reasons, the defendant's conviction is affirmed and the matter is remanded solely for corrections of the following errors patent: the record shall show that written notice was given to defendant of the prescriptive period set forth in C.Cr.P. art. 930.8.
CONVICTION AND SENTENCE AFFIRMED; REMANDED FOR CORRECTION OF PATENT ERRORS.
NOTES
[1] It is noted that the commitment describes the plea as a nolo contendere plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).