832 So.2d 1225 (2002)
STATE of Louisiana
v.
Brian Keith FRANCIS.
No. 02-0862.
Court of Appeal of Louisiana, Third Circuit.
December 11, 2002.
Michael Harson, District Attorney, Lafayette, LA, for Appellee, State of Louisiana.
Neal Glen Johnson, Assistant District Attorney, Lafayette, LA, for Appellee, State of Louisiana.
G. Paul Marx, Lafayette, LA, for Defendant/Appellant, Brian Keith Francis.
Court composed of JOHN D. SAUNDERS, BILLIE COLOMBARO WOODARD and MARC T. AMY, Judges.
AMY, Judge.
The defendant appeals his conviction for four counts of manslaughter. He contends that the trial court failed to establish a sufficient factual basis to support his plea, which he asserts was conditionally entered pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). We affirm.

Factual and Procedural Background
The offenses at issue in this appeal arise from the traffic deaths of Toyori Kees, Garland Malbreaux, Cardella Charles, and Arthur Broussard on August 22, 1999. The defendant, Brian Keith Francis, was charged by bill of information with four counts of manslaughter, violations of La. R.S. 14:31, a single count of flight from a police officer, a violation of La.R.S. 14:108.1(C), a single count of reckless operation, a violation of La.R.S. 14:99, three counts of failure to stop at a stop sign, violations of La.R.S. 32:124, and a single count of speeding, a violation of La.R.S. 32:123.
Pursuant to a plea agreement, the defendant pleaded guilty to four counts of manslaughter on May 15, 2001. The minutes indicate that the State dismissed the remaining charges. The trial court ordered a pre-sentence investigation report.
On June 4, 2001, the defendant filed a Motion to Withdraw Guilty Plea, wherein he alleged that he was misled as to, or misunderstood the availability of, any sentencing cap, or lack thereof, on the sentencing *1226 exposure. The defendant also asserted that his attorney refused to allow him to enter a plea of not guilty by reason of insanity. The trial court denied the defendant's motion and turned to sentencing. On each count of manslaughter, the defendant was sentenced to fifteen years at hard labor. The trial court ordered that the sentences be served concurrently.
The defendant appeals, assigning the following as error:
The trial court erred in accepting a guilty plea where there was no factual basis for the charge of manslaughter, a specific intent crime, in the case of accidental deaths arising from a police chase and traffic accident.

Discussion
Errors Patent
As is required by La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Our review in this regard reveals no errors patent.
Factual Basis
In his sole assignment of error, the defendant contends that the State provided an insufficient factual basis to support his plea which, he contends, was entered pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). This argument differs from the basis for withdrawal asserted in the defendant's motion to withdraw. The argument in the motion focused on the defendant's understanding, or lack thereof, of the plea agreement. The State contends that the defendant's plea was not sufficiently preserved under the requirements of Alford and its progeny. The State points out that the defendant did not assert his innocence at the plea hearing so as to alert the trial court that it was required to establish a factual basis for the guilty plea.
In Alford, 400 U.S. 25, 91 S.Ct. 160, the United States Supreme Court, considered a guilty plea entered by a defendant who expressly denied his guilt in the commission of the offense. He explained that he entered the guilty plea because he faced the threat of the death penalty. Finding the plea valid, the Supreme Court explained:
Confronted with the choice between a trial for first-degree murder, on the one hand, and a plea of guilty to second-degree murder, on the other, Alford quite reasonably chose the latter and thereby limited the maximum penalty to a 30-year term. When his plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and which further provided a means by which the judge could test whether the plea was being intelligently entered, see McCarthy v. United States, supra, 394 U.S., at 466-467, 89 S.Ct., at 1170-1171 (1969), Its validity cannot be seriously questioned. In view of the strong factual basis for the plea demonstrated by the State and Alford's clearly expressed desire to enter it despite his professed belief in his innocence, we hold that the trial judge did not commit constitutional error in accepting it.
Id. at 37-38, 91 S.Ct. at 167-68 (footnotes omitted).
In State v. Orman, 97-2089 (La. 1/9/98); 704 So.2d 245, the Louisiana Supreme Court considered a plea purportedly entered under the qualifications of Alford, and concluded that circumstances of the plea did not preserve the plea. The supreme court explained:
*1227 Although relator purported to enter a guilty plea under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), relator did not claim at the guilty plea colloquy, and does not maintain in his present application, that he is innocent of the crime but instead has alleged only that as the result of drug and alcohol intoxication at the time of the offense, he remains unable to recall the critical events surrounding the death of the victim. Relator thus entered the equivalent of a nolo contendere plea which did not require the trial court to resolve the inherent conflict between the waiver of trial and a claim of innocence. See State v. Guffey, 94-0797, p. 11 (La.App. 3d Cir.2/1/95), 649 So.2d 1169, 1174 (a nolo contendere plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis).
Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a bona fide Alford plea the record "before the judge [must] contain[ ] strong evidence of actual guilt," id., 400 U.S. at 38, 91 S.Ct. at 167, the standard under Alford is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]." Id., 400 U.S. at 31, 91 S.Ct. at 164.
Id. at p. 1-2; 245. See also State v. Villarreal, 99-827 (La.App. 5 Cir. 2/16/00); 759 So.2d 126, writ denied, 00-1175 (La.3/16/01); 786 So.2d 745.
Our review of the plea colloquy reveals similarity to that examined by the Louisiana Supreme Court in Orman in that there is no express declaration of innocence. Following the Boykinization, the following exchange contains the only reference to Alford:
BY THE COURT: Do you understand that by entering this plea of guilty, you are giving up and waiving all the rights that I've mentioned?
THE DEFENDANT: Yes.
BY THE COURT: Has anyone made any promises of any kind or threats has anyone made any promises or threats
THE DEFENDANT: No.
BY THE COURT:in order to get you to plead guilty, other than your discussions with the State about your sentence?
THE DEFENDANT: No.
BY THE COURT: Your plea form indicates that in No. 84820, you are charged with four (4) counts of manslaughter, a violation of Title 14, Section 31. That crime is punishable by imprisonment at hard labor for not more than forty (40) years on each count. Your plea form indicates that you've agreed to plead guilty to those four (4) counts and that a pre-sentence investigation will be ordered and sentence to be imposed by the Court after the pre-sentence investigation. Is that your understanding of the plea agreement reached with the State?
THE DEFENDANT: Yes.
BY THE COURT: Ms. Duhon, what would the State intend to prove as to Mr. Francis?
MS. DUHON: Your Honor, the state would have proven at trial that on August *1228 the 22nd, 1999, Brian Keith Francis did commit manslaughter of Toyori Kees, did also commit manslaughter of Garland Malbreaux, did commit manslaughter of Cardella Charles and did commit manslaughter of Arthur Broussard. This occurred in Lafayette Parish in violation of the provisions of R.S.14:31.
BY THE COURT: How do you plead, Mr. Francis?
MR. CALAHAN: Your Honor, on behalf of Mr. Francis, he wishes to enter a plea of guilty which he'll do in his own voice under the terms of State versus Alfred [sic] because it's in his best interest and he will enter this plea.
BY THE COURT: How do you plead, Mr. Francis?
THE DEFENDANT: Guilty.
BY THE COURT: Okay. I find your plea to be knowing and voluntary. I accept it. I adjudicate you guilty and I sentence you in accordance with that plea agreement. I'm sorry, I order a pre-sentence investigation, following which I will schedule a sentencing hearing and I'll notify you and counsel as to the date that that is set. I'll set it just as soon as is convenient after the receipt of the pre-sentence investigation report.
In Alford, the defendant entered an express declaration of his innocence. The same is not true in the instant matter. Instead, only a passing reference to Alford was made. Given the guidance provided by Orman, defense counsel's reference was insufficient to afford the protections of Alford. Furthermore, the defendant does not proclaim his innocence in his brief to this court. Rather, he asserts that he admitted to no fact which would support a conviction under La.R.S. 14:31. Although the defendant's attorney purported to enter a plea under Alford, we conclude that, as in Orman, the defendant entered the equivalent of a nolo contendere plea, relieving the trial court of the burden to resolve the conflict between a waiver of trial and a claim of innocence.
This assignment is without merit.

DECREE
For the foregoing reasons, the convictions of the defendant are affirmed.
AFFIRMED.