NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-1072

STATE OF LOUISIANA

VERSUS

JUANE HARRIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 114939
HONORABLE GLENNON P. EVERETT, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN D. SAUNDERS
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Michael G. Sullivan, and James T. Genovese, Judges.

**REMANDED WITH INSTRUCTIONS.**

Michael Harson
District Attorney, 15th JDC
Keith A. Stutes
Assistant DA
P.O. Box 3306
Lafayette, LA 70502-3306
(337) 232-5170
Counsel forAppellee:
State of Louisiana

**Carey J. Ellis, III**
**Louisiana Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant/Appellant:**
**Juane Harris**

**Juane Harris**
**Avoyelles Corr. Ctr. C1-B1**
**1630 Prison Rd.**
**Cottenport, LA 71327**
**Defendant/Appellant In Proper Person**

**SAUNDERS, Judge,**

On March 29, 2007, the State filed a bill of information charging Defendant, Juane Harris, with forcible rape, a violation of La.R.S. 14:42.1, and unauthorized entry of an inhabited dwelling, a violation of La.R.S. 14:62.3. On March 18, 2008, Defendant appeared with counsel and entered a "best interest plea" pursuant to a plea agreement, which included a twenty-five-year sentencing cap and a dismissal of the unauthorized entry charge.[1]

On June 30, 2008, after referring to a presentence investigation (PSI) report, the trial court sentenced Defendant to twenty-five years at hard labor. On July 7, the trial court granted Defendant's motion for appeal and appointed the Louisiana Appellate Project to represent him.

Subsequently, appellate counsel filed a motion to withdraw and a supporting brief, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967). Counsel alleged that he had found no non-frivolous issues to raise for review. Defendant filed a *pro se* brief assigning two errors, including an argument that the trial court should have ascertained a factual basis for his "best interest" guilty plea.

On April 1, 2009, this court denied appellate counsel's motion to withdraw and ordered appellate counsel to file a brief addressing the issue of whether a factaul basis was necessary to support the plea. Counsel complied and has filed the ordered brief. We remand with instructions for further proceedings.

**FACTS:**

Pursuant to his "best interest plea," Defendant admitted having sexual relations with the woman but asserted the encounter was consensual. The record does not include details of the incident.

---

1. A "best interest plea" is also known as an "*Alford* plea" pursuant to *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160 (1970).

## ASSIGNMENT OF ERROR:

Appellate counsel now argues that Defendant's plea is defective due to the lack of a factual basis. We note that such an argument has a constitutional dimension. Thus, it can be raised even though Defendant did not file a motion to withdraw the plea in the trial court. *State v. Jordan*, 98-101 (La.App. 3 Cir. 6/3/98), 716 So.2d 36.

This court has further explained:

> Generally, a defendant waives the right to question the merits of the State's case or the underlying factual basis by entering a plea of guilt, or plea of *nolo contendere*. *State v. Brooks*, 38,963 (La.App. 2 Cir. 9/22/04), 882 So.2d 724. "When a guilty plea is otherwise voluntary, there is no necessity to ascertain a factual basis for that plea unless the accused protests his innocence or for some other reason the trial court is put on notice that there is a need for such an inquiry. In that event, due process requires a judicial finding of a *significant factual basis* for the defendant's plea." *State v. Linear*, 600 So.2d 113, 115 (La.App. 2 Cir.1992); *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). However, this court has held that a plea of *nolo contendre* alone, unlike a guilty plea accompanied by a claim of innocence, does not put the trial court on notice that a significant factual basis must be obtained. *State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00), 759 So.2d 126, *writ denied*, 00-1175 (La.3/16/01), 786 So.2d 745; *State v. Guffey*, 94-797 (La.App. 3 Cir. 2/1/95), 649 So.2d 1169, *writ denied*, 95-973 (La.9/22/95), 660 So.2d 469. Citing *Alford*, the Louisiana Supreme Court has stated:

>> Moreover, even assuming that relator had protested his innocence when he entered his guilty plea and further assuming that in all cases involving a *bona fide Alford* plea the record "before the judge [must] contain [ ] strong evidence of actual guilt," the standard under *Alford* is not whether the state may prevail at trial by establishing the essential elements of the crime beyond a reasonable doubt and negating all possible defenses, but rather whether the strength of the factual basis, coupled with the other circumstances of the plea, reflect that the plea "represents a voluntary and intelligent choice among the alternative[s]."

> *State v. Orman*, 97-2089, pp. 1-2 (La.1/9/98), 704 So.2d 245, 245 (citations omitted).

2

*State v. Johnson*, 04-1266, pp. 6-7 (La.App. 3 Cir. 2/2/05), 893 So.2d 945, 950-51.

The following colloquy took place during the plea proceedings:

> THE COURT:     MR. JUANE HARRIS, you are asking me to accept your plea to the charge of forcible rape; is that right?

MR. JUANE HARRIS:

A     Yes, sir.

> THE COURT:     Do you understand that if I accept that plea, you will stand convicted of this crime and as a result, you could be sentenced to a term of imprisonment -- this form shows "with or without hard labor," but I'm almost positive it's with hard labor. Let me check.
>
> MR. STUTES:     That's correct, Your Honor.
>
> MR. NEUMANN: Yes, sir. It should be at hard labor.
>
> THE COURT:     I've got it. I checked it. As a result, you could be sentenced to a term of imprisonment at hard labor for not less than five years nor more than forty years, and at least two years of the sentence imposed must be imposed without benefit of probation, parole, or suspension of sentence. Do you understand that?

MR. JUANE HARRIS:

A     Yes, sir.

> THE COURT:     Now, having told you that, as well as everything else I've said to you today, do you still want to plead guilty?

MR. JUANE HARRIS:

A     Yes, sir.

> THE COURT:     What happened?

MR. JUANE HARRIS:

A     We had sex and she said it was not consensual but it was consensual.

3

THE COURT: All right, sir. Are you afraid if you went to trial, you might lose? Is that one of the reasons why you are pleading guilty today?

MR. JUANE HARRIS:

A    Not really.

THE COURT: You don't think you'd lose?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: I have to feel like you feel like it's in your best interest to enter this plea. Do you feel like it's in your best interest considering the facts that the State would present and the possible charge against you?

MR. JUANE HARRIS:

A    Yes, sir.

THE COURT: All right, sir. Under those circumstances I will accept your plea. I find that you made a knowing and intelligent waiver of the rights previously explained to you and that your plea is freely and voluntarily given without threats or inducements whatsoever.

Prior to the foregoing colloquy, there was no indication that Defendant intended to enter an *Alford* plea. Nonetheless, it is clear the trial court accepted the plea as such. An "*Alford* plea" and a "best interest plea" are synonymous. *See, e.g., State v. Love*, 00-3347, p. 4 (La. 5/23/03), 847 So.2d 1198, 1203.

Further, Defendant's claim that the sex was consensual was sufficient to put the trial court on notice that a more detailed factual basis was necessary. The plea colloquy above cannot reasonably be viewed as a *nolo contendere* proceeding. It is clear that the trial court and Defendant both treated the matter as a guilty plea and that ultimately, the trial court accepted it as an *Alford* plea.

This court has stated:

4

In *State v. Orman*, 97-2089 (La.1/9/98); 704 So.2d 245, the Louisiana Supreme Court considered a plea purportedly entered under the qualifications of *Alford*, and concluded that circumstances of the plea did not preserve the plea. The supreme court explained:

> Although relator purported to enter a guilty plea under *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), relator did not claim at the guilty plea colloquy, and does not maintain in his present application, that he is innocent of the crime but instead has alleged only that as the result of drug and alcohol intoxication at the time of the offense, he remains unable to recall the critical events surrounding the death of the victim. Relator thus entered the equivalent of a *nolo contendere* plea which did not require the trial court to resolve the inherent conflict between the waiver of trial and a claim of innocence. *See State v. Guffey*, 94-0797, p. 11 (La.App. 3d Cir.2/1/95), 649 So.2d 1169, 1174 (a *nolo contendere* plea, unlike a plea accompanied by a claim of innocence, does not put the trial court on notice that it must ascertain a factual basis).
>
> . . . .

*Id.* at p. 1-2; 245. *See also State v. Villarreal*, 99-827 (La.App. 5 Cir. 2/16/00); 759 So.2d 126, *writ denied*, 00-1175 (La.3/16/01); 786 So.2d 745.

Our review of the plea colloquy reveals similarity to that examined by the Louisiana Supreme Court in *Orman* in that there is no express declaration of innocence.

. . . .

In *Alford*, the defendant entered an express declaration of his innocence. The same is not true in the instant matter. Instead, only a passing reference to *Alford* was made. Given the guidance provided by *Orman*, defense counsel's reference was insufficient to afford the protections of *Alford*. Furthermore, the defendant does not proclaim his innocence in his brief to this court. Rather, he asserts that he admitted to no fact which would support a conviction under La.R.S. 14:31. Although the defendant's attorney purported to enter a plea under *Alford*, we conclude that, as in *Orman*, the defendant entered the equivalent of a *nolo contendere* plea, relieving the trial court of the burden to resolve the conflict between a waiver of trial and a claim of innocence. . . .

*State v. Francis*, 02-862, pp. 3-5 (La.App. 3 Cir. 12/11/02), 832 So.2d 1225, 1226-28, *writ denied*, 03-149 (La. 5/2/03), 842 So.2d 1099.

Unlike the defendants in *Francis* and *Orman*, Defendant made a claim of innocence in that he claimed the sex was consensual. This clearly obviated an element of the crime and put the trial court on notice that a more extensive factual basis was needed.

The State argues that this court should review the PSI report because it contains a significant factual basis for the plea. The jurisprudence indicates that evidence taken in a pre-plea evidentiary hearing, such as a preliminary examination or a motion to suppress, may provide the necessary factual basis to support a plea. *State v. Trahan*, 98-1442 (La.App. 4 Cir. 12/1/99), 752 So.2d 921, *rev'd on other grounds*, 99-3470 (La. 10/5/01), 797 So.2d 38; *Linear*, 600 So.2d 113. The State cites *State v. Simmons*, 466 So.2d 777 (La.App. 4 Cir. 1985), in support of its argument that the PSI and Defendant's lack of objection to it "ratified the taking of the plea from the [D]efendant." However, *Simmons* does not support the argument in an *Alford* context, as *Simmons* was a review of a jury trial.

This court's research has revealed no case which would allow reference to the PSI to provide a factual basis in support of an *Alford* plea. Further, such use of the PSI would be inappropriate, since the report was generated after the plea had already been taken. The language of *Orman*, cited above, indicates that the facts to be analyzed in the review of an *Alford* plea are those that were available at the time of the plea. As our supreme court has stated, the test is "whether the strength of the factual basis, *coupled with the other circumstances of the plea,* reflect that the plea 'represents a voluntary and intelligent choice among the alternative[s].'" *Orman*, 704

6

So.2d at 245. (Emphasis added) (quoting *Alford*, 400 U.S. at 31, 91 S.Ct. at 164).

Our second circuit has stated that the factual basis for an *Alford* plea "had to [be] placed of record and judicially accepted for the plea to meet the *Alford* requirements." *State v. Romano*, 627 So.2d 766, 767 (La.App. 2 Cir. 1993).

For the reasons discussed, the assignment of error has merit; therefore, the case is remanded. This court has previously remanded a case involving an *Alford* plea and allowed the State an opportunity to conduct a new *Boykin* hearing:

> For the reasons expressed, we remand the case to the trial court for further proceedings consistent with this opinion and with instructions that it shall conduct an additional *Boykin* hearing to determine whether a significant factual basis for the plea entered by defendant exists and whether the plea was freely and voluntarily entered as required by the principles articulated in *Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162. . . .

**DECREE**

> The district court shall conduct an additional *Boykin* hearing and allow the State opportunity to present other evidence of defendant's guilt at said hearing within 90 days after rendition of this opinion and within 10 days after the hearing the court shall submit a certified copy of its ruling and a transcript of the hearing for inclusion in the appellate record now lodged with this court. Accordingly, we pretermit full review of the errors assigned by defendant pending remand of the case to the trial court and supplementation of the record.

*State v. Bowie*, 95-795, pp. 7-8 (La.App. 3 Cir. 11/13/96), 684 So.2d 68, 73. Further, our supreme court implicitly approved this procedure in *State v. Bowie*, 96-2987 (La. 1/31/97), 687 So.2d 369, as it granted writs to provide guidance regarding the new *Boykin* hearing but declined to implement its supervisory authority. We have not found any other third circuit cases discussing the remedy but note that a similar procedure is typically used by our second circuit. *See State v. McMillion*, 42,124 (La.App. 2 Cir. 6/20/07), 961 So.2d 546.

7

In *State v. Clark*, 97-1064, p.8 (La.App. 3 Cir. 4/1/98), 711 So.2d 738, 742 *writ granted and remanded in light of supplemental filing*, 98-1180 (La. 9/25/98), 726 So.2d 2, this court stated the following in its decree:

> For the above reasons, we remand this case with instructions that the trial court (1) conduct an evidentiary hearing within thirty days of this date to determine whether defendant knowingly and intelligently waived his right to trial by jury and (2) re-lodge the appellate record, supplemented with a transcript of the hearing, within fifteen days of the hearing. The State and defendant will be given the opportunity to file supplemental briefs, should either party wish to raise any issues arising from the hearing.

In *State v. Fuslier*, 06-1438 (La.App. 3 Cir. 4/4/07), 954 So.2d 866, this court followed *Clark*, and we do so in the case before us.

## DISPOSITION:

The trial court shall conduct an additional *Boykin* hearing and allow the State opportunity to present other evidence of Defendant's guilt at said hearing to be held within thirty days of the date of this opinion, and the trial court is further ordered to prepare and lodge with this court an appellate record containing the transcript of the above-referenced evidentiary hearing within ten days of the hearing. Once this record is lodged with this court, the State and Defendant will be given the opportunity to file briefs should either party wish to raise any issues arising from the hearing.

**REMANDED WITH INSTRUCTIONS.**