STEPHEN J. WINDHORST, Judge.
^Defendant, Courtney Abies, pled guilty to the -amended charge of possession with intent to distribute acetyl fentanyl (count one) and felon in possession of a firearm (count two). Defendant was sentenced on count one to 25 years hard labor, with the first 13 years to be served without benefit of parole, probation, or suspension of sentence and he was sentenced on count two to 13 years, with- both sentences to run concurrent. Thereafter, pursuant to¡ an habitual offender bill, defendant stipulated to being .a second felony offender, his sentence on count two was vacated, and he was resentenced to imprisonment at hard labor for 13 years without benefit of parole, probation, or suspension of sentence, to run concurrent with his sentence, on count one.- For the reasons that follow, we vacate the- guilty plea,' set aside defendant’s convictions and sentences, and remand for further proceedings. Appellate counsel’s motion to withdraw as attorney of record is granted.
IsDiscussion
 In this case, defendant’s appointed appellate counsel filed an Anders[1] brief on defendant’s behalf, asserting there is no. basis for. a non-frivolous appeal, and a motion to withdraw as attorney of record. Defendant filed a pro se appellate brief alleging several assignments of error and contending that he pled guilty pursuant to North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[2] The waiver of rights form specifically referenced by the trial court states that the plea was an “Alford Plea.”. During its colloquy with the defendant, the trial judge asked, “Are you pleading guilty because you believe it is in your best interest to do so?” to which the defendant answered “Yes, sir.” We therefore conclude that the guilty plea was entered pursuant to Alford, supra.
On review for errors patent, we find that the record does not contain any indication that “strong evidence of actual *1276 guilt” exists sufficient to convict defendant of possession with intent to distribute ace-tyl fentanyl (count one), and felon in possession of a firearm (count two). Because by the nature of an Alford guilty plea no guilt is admitted, the trial court must ascertain that “strong evidence of actual guilt” exists to justify a guilty plea, as required by Alford, supra, and its progeny.[3]
In this case, no evidence to show “actual guilt” of defendant was presented. In the absence of a showing in the record that “strong evidence of actual guilt” exists, we find that defendant’s guilty plea to possession with intent to distribute acetyl fenta-nyl and felon in possession of a firearm should not have been accepted, and therefore must be declared invalid.
UConcIusion
For the reasons stated above, we vacate the guilty plea, set aside defendant’s convictions and sentences, and remand for further proceedings.
GUILTY PLEA VACATED; CONVICTIONS AND SENTENCES SET ASIDE; CASE REMANDED.

. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. The “best interest” or Alford plea is one in which the defendant pleads guilty while main-taming hi’s innocence. State v. McCoil, 05-658 (La.App. 5 Cir. 02/27/06), 924 So.2d 1120, 1122-1123.

. Moreover, defendant’s pro se brief explicitly states in several places that he pled guilty pursuant to Alford.