LILJEBERG, J.
Defendant, Dennis Jackson, pleaded guilty to the amended charge of aggravated battery. The trial court sentenced defendant to ten years at hard labor. For the reasons that follow, we vacate the guilty plea, set aside defendant's conviction and sentence, and remand for further proceedings. Appellate counsel's motion to withdraw as attorney of record is granted.
FACTUAL AND PROCEDURAL BACKGROUND
On July 31, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant with attempted second degree murder in violation of *1251 La. R.S. 14:27 and La. R.S. 14:30.1. On August 17, 2015, defendant pleaded not guilty at his arraignment. On November 30, 2015, defendant filed a pro se motion for substitution of counsel complaining his court-appointed counsel was withholding evidence which could be used to "free" him. The trial court heard and denied this motion on April 28, 2016.
On June 16, 2016, the State amended the attempted second degree murder charge to aggravated battery in violation of La. R.S. 14:34. On that same day, defendant withdrew his plea of not guilty and pleaded guilty under North Carolina v. Alford , 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), to the aggravated battery charge. The State agreed not to file a multiple offender bill of information with respect to this charge. After accepting defendant's guilty plea under Alford , the trial court sentenced defendant in accordance with the plea agreement to ten years at hard labor.[1]
On July 5, 2017, defendant filed a Uniform Application for Post-Conviction Relief alleging ineffective assistance of counsel and violations of due process. In support of his application, defendant attached excerpts of alleged statements from the victim and the victim's brother which he claimed as proof he did not commit the alleged crime. On July 13, 2017, the trial court dismissed the application for post-conviction relief without prejudice on the basis that it was premature. On August 10, 2017, defendant filed a pro se motion for an out-of-time appeal, which was granted on August 22, 2017. This appeal follows.
DISCUSSION
Defendant's appointed appellate counsel filed an Anders[2] brief on defendant's behalf, asserting there is no basis for a non-frivolous appeal. Counsel also filed a motion to withdraw as attorney of record. Defendant filed a pro se supplemental appellate brief alleging his guilty plea was coerced. Defendant also references alleged favorable statements from the victim and other witnesses, and complains he did not have the opportunity to present this information in the lower court proceedings.
The "best interest" or Alford plea is one in which the defendant pleads guilty while maintaining his innocence. In Alford , the United States Supreme Court ruled that a defendant may plead guilty, without foregoing his protestations of innocence, if "the plea represents a voluntary and intelligent choice among the alternative courses of action open to defendant[,] ... especially where the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." Alford , 400 U.S. at 31, 91 S.Ct. at 164.
An Alford plea accompanied by a claim of innocence puts the trial court on notice that it must ascertain a factual basis to support the plea. State v. Orman , 97-2089 (La. 1/9/98), 704 So.2d 245 (per curium ); State v. Villarreal , 99-827 (La. App. 5 Cir. 2/16/00), 759 So.2d 126, 129-30, writ denied , 00-1175 (La. 3/16/01), 786 So.2d 745. In a case involving a bona fide Alford plea, the record must contain "strong evidence of actual guilt."
*1252 Alford, 400 U.S. at 38, 91 S.Ct. at 167. This Court has recognized that when a defendant enters an Alford plea, "constitutional due process requires that the record contain strong evidence of actual guilt." State v. Craig , 10-854 (La. App. 5 Cir. 5/24/11), 66 So.3d 60.
On review of the record for errors patent, we find the defendant maintained his innocence and entered a guilty plea under Alford. However, the State did not provide a factual basis for the plea during the guilty plea colloquy and the record does not otherwise establish that strong evidence of actual guilt exists sufficient to convict defendant of aggravated battery. In the absence of a showing in the record that strong evidence of actual guilt exists, we find that defendant's guilty plea to aggravated battery under Alford should not have been accepted and must be declared invalid. See State v. Ables , 15-720 (La. App. 5 Cir. 2/24/16), 186 So.3d 1274, 1276.
DECREE
For the reasons stated above, we vacate the guilty plea, set aside defendant's conviction and sentence, and remand for further proceedings. We also grant the motion to withdraw as counsel of record filed by defendant's appellate counsel.
GUILTY PLEA VACATED; CONVICTION AND SENTENCE SET ASIDE AND CASE REMANDED; MOTION TO WITHDRAW GRANTED
WICKER J., CONCURS WITH REASONS
WICKER J., CONCURS WITH REASONS
I agree with both the analysis and outcome in this matter. I am loath, however, to grant appellate counsel's motion to withdraw, given that counsel missed a glaring error in the guilty plea.

On that same day, defendant also pleaded guilty under Alford in Case No. 15-1608 to possession of cocaine, and stipulated to a habitual offender bill on that charge. The trial court found defendant to be a second felony offender and sentenced him to 30 months at hard labor without the benefit of probation or suspension of sentence. The trial court ran the sentence concurrent with the sentence imposed in the instant matter. The conviction and sentence in Case No. 15-1608 are not before this Court on appeal.

Anders v. California , 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).