Judgment rendered November 14, 2018.
Application for rehearing may be filed
within the delay allowed by Art. 992,
La. C. Cr. P.

No. 52,323-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

MARC Q. SCROGGINS                     Appellant

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 314,837

Honorable Brady D. O'Callaghan, Judge

* * * * *

LOUISIANA APPELLATE PROJECT          Counsel for Appellant
By: Holli Herrle-Castillo

JAMES E. STEWART, SR.                Counsel for Appellee
District Attorney

TOMMY J. JOHNSON
MEKISHA S. CREAL
Assistant District Attorneys

* * * * *

Before PITMAN, GARRETT, and STEPHENS, JJ.

**STEPHENS, J.**

This criminal appeal arises from the First Judicial District Court, Parish of Caddo, the Honorable Brady O'Callaghan presiding. On June 13, 2016, defendant, Marc Q. Scroggins, entered an *Alford* plea of guilty as charged to illegal use of weapons or dangerous instrumentalities, committed while attempting to commit a crime of violence, in violation of La. R.S. 14:94. On November 17, 2016, the trial court then sentenced Defendant to 17 years at hard labor, to be served without the benefit of probation, parole, or suspension of sentence. Defendant has appealed his sentence as excessive. Finding error patent on the record, in that the record of the guilty plea proceeding does not contain a factual basis for Defendant's plea as required by *North Carolina v. Alford*, 400 U.S. 25, 91 S. Ct. 160, 27 L. Ed. 2d 162 (1970), we pretermit consideration of Defendant's assignment of error, reverse Defendant's conviction and sentence, and remand this case for further proceedings.

## FACTS

On May 2, 2013,[1] Defendant, while at his doctor's office, got into a verbal altercation with another patient, Raymond Grant, over which man would be seen first by the doctor. Defendant, accompanied by his girlfriend, Britney Casey, and her cousin, Wilbur Thomas, left the office to go outside and wait in the parking lot. Grant came out shortly thereafter and, according to Ms. Casey, pulled out a gun and fired at Defendant. At that time, Defendant brandished a rifle, which prompted Grant to take off

---

[1] The original bill and two amended bills of information allege that the offense occurred "on or about May 3, 2013"; however, police reports and witnesses described the incident as occurring on May 2, 2013.

running.  Defendant chased after Grant, firing the rifle.  A stray bullet fired from Defendant's rifle entered the home of Dorothy Johnson, striking her in the chest and arm.[2]

On August 31, 2015, Defendant was charged by amended bill of information with illegal use of weapons or dangerous instrumentalities.[3] The bill alleged that Defendant committed the offense while attempting to commit a crime of violence, specifically aggravated assault, in violation of La. R.S. 14:94(F).  Defendant waived arraignment and pled not guilty to the charge.

On June 13, 2016, Defendant withdrew his former not guilty plea and noted his desire to plead guilty as charged pursuant to *North Carolina v. Alford*, *supra*.  As noted above*, **the state did not provide a factual basis for the plea during the guilty plea hearing***.  Both the defense and state confirmed that no agreement was made regarding the sentence Defendant would receive, and the trial court informed Defendant that he faced a sentence of 10 to 20 years at hard labor, without the benefit of probation, parole, or suspension of sentence.  The trial court advised Defendant of his *Boykin*[4] rights—his right to remain silent, his right to a jury trial and his right to confront his accusers.  Defendant waived his rights, explaining that he desired to plead guilty, was not under the influence of any intoxicating

---

[2] Defendant initially pled not guilty, and there were no hearings prior to the guilty plea hearing. The state did not provide a factual basis for the plea during the guilty plea hearing.  The facts as stated above were obtained from testimony elicited at Defendant's sentencing hearing as well as from information contained in the presentence investigation (PSI) report.

[3] Also on August 31, 2015, following the receipt of psychiatric evaluations of Defendant's mental condition at that time and at the time of the offense, two of which found that he was competent to stand trial, and two of which concluded that he was incompetent, Defendant was found by the trial court to be competent to stand trial.

[4] *Boykin v. Alabama*, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969).

substances, and that his plea was not the product of coercion, inducements or threats. In response to a question from the trial court, defense counsel summarily stated his belief that Defendant's mental capacity did not affect his ability to understand his rights and the consequences of pleading guilty. The trial court then accepted Defendant's guilty plea and ordered the preparation of a presentence investigation (PSI) report.

A plea accompanied by a claim of innocence is an *Alford* plea, and it puts the trial court on notice that it must ascertain a factual basis to support the plea. *State v. Orman*, 1997-2089 (La. 01/09/98), 704 So. 2d 245. In a case involving a bona fide *Alford* plea, the record must contain "strong evidence of actual guilt." *Alford*, 400 U.S. at 38, 91 S. Ct. 2d at 167; *State v. Orman, supra*. As noted by this Court in *State v. McLemore*, 619 So. 2d 210 (La. App. 2 Cir. 1993), when a plea is made pursuant to *Alford*, a significant factual basis must be established in order for the plea to be constitutionally valid. *See also, State v. Wills*, 32,073 (La. App. 2 Cir. 06/16/99), 740 So. 2d 741; *State v. Jackson*, 2017-612 (La. App. 5 Cir. 04/11/18), 245 So. 3d 1250.

There is absolutely no factual basis on the record prior to Defendant's guilty plea. That the facts supporting Defendant's plea may have been developed several months later at his sentencing hearing and during preparation of the PSI does not cure the constitutional deficiency in this guilty plea. As noted above, a factual basis for a guilty plea prior to entry of the plea is required by *Alford*, especially in a case like this one, where a trial court has a valid concern about, *inter alia*, a defendant's ability to understand the nature of the charge to which he is pleading guilty.

We therefore set aside Defendant's conviction and sentence and remand the case to the trial court for further proceedings.

## CONCLUSION

For the reasons set forth above, Defendant's conviction and sentence are reversed, and this case is remanded for further proceedings.

**REVERSED AND REMANDED**.