STATE OF LOUISIANA

VERSUS

PERCY J. PRESTENBACH

NO. 21-KA-528

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 15-4816, DIVISION "H"
HONORABLE GLENN B. ANSARDI, JUDGE PRESIDING


November 24, 2021


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Robert A. Chaisson,
Stephen J. Windhorst, and John J. Molaison, Jr.


**CONVICTION AND SENTENCE AFFIRMED; MOTION TO
WITHDRAW GRANTED**

    **SJW**

    **RAC**

    **JJM**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
    Honorable Paul D. Connick, Jr.
    Thomas J. Butler
    Andrew Decoste
    Marko Marjanovic

COUNSEL FOR DEFENDANT/APPELLANT,
PERCY J. PRESTENBACH
    Jane L. Beebe

**WINDHORST, J.**

In this appeal, defense counsel concludes that there are no non-frivolous issues for review, and requests permission to withdraw. Defense counsel also requests that this court conduct an errors patent review. For the following reasons, we affirm defendant's conviction and sentence. We also grant defense counsel's motion to withdraw.

## PROCEDURAL HISTORY

On December 11, 2015, the Jefferson Parish District Attorney filed a bill of information charging defendant, Percy J. Prestenbach, with sexual battery upon a known juvenile (D.O.B. 6/9/07) under the age of thirteen in violation of La. R.S. 14:43.1.[1] Defendant was arraigned on December 14, 2015, and pled not guilty.

On October 2, 2018, the State amended the bill of information to a reduced charge of sexual battery in violation of La. R.S. 14:43.1 by removing the allegation that the juvenile was under the age of thirteen. Defendant withdrew his plea of not guilty and entered a plea of no contest to the amended charged under North Carolina v. Alford, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).[2] The trial court sentenced defendant to imprisonment at hard labor for ten years without benefit of parole, probation, or suspension of sentence. Defendant was also provided with written notification of the sexual offender registration and notification requirements.[3] This appeal followed.

---

[1] In the bill of information, the State charged Merton Bailey with the same offense as defendant, and charged Angel Renne Boyce with failure to report the commission of a sexual battery of a juvenile.

[2] A plea of no contest is equivalent to an admission of guilt and is treated as a guilty plea. *See* State v. Gordon, 04-633 (La. App. 1 Cir. 10/29/04), 896 So.2d 1053, 1061, writ denied, 04-3144 (La. 04/01/05), 897 So.2d 600.

[3] There are two waiver of rights forms in the record. During the colloquy, defendant indicated he wanted to plead guilty under North Carolina v. Alford because it was in his best interest. The trial court told defense counsel "He should make those changes on this form."

21-KA-528                                    1

**FACTS**

Because defendant pled guilty, the underlying facts were not fully developed at a trial. A factual basis was not provided at the guilty plea proceeding, therefore, the facts have been gleaned from the amended bill of information which provided that on or between August 4, 2015 and September 1, 2015, in Jefferson Parish, defendant violated La. R.S. 14:43.1 in that he committed sexual battery by touching the genitals of the victim or by the victim touching his genitals.

**DISCUSSION**

Under the procedure adopted by this court in State v. Bradford, 95-929 (La. App. 5 Cir. 06/25/96), 676 So.2d 1108, 1110-1111,[4] appointed appellate counsel has filed a brief asserting that she has thoroughly reviewed the trial court record and cannot find any non-frivolous issues to raise on appeal. Accordingly, pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and State v. Jyles, 96-2669 (La. 12/12/97), 704 So.2d 241 (per curiam), appointed appellate counsel requests permission to withdraw as attorney of record for defendant.

When conducting a review for compliance with Anders, an appellate court must conduct an independent review of the record to determine whether the appeal is wholly frivolous. Bradford, 676 So.2d at 1110. If, after an independent review, the reviewing court determines there are no non-frivolous issues for appeal, it may grant counsel's motion to withdraw and affirm the defendant's conviction and sentence. Id. In this case, defendant's appellate counsel has complied with the procedures for filing an Anders brief. Appellate counsel asserts that after a conscientious and thorough review of the record, she could find no non-frivolous issues to raise on appeal.[5]

---

[4] In Bradford, supra, this court adopted the procedures outlined in State v. Benjamin, 573 So.2d 528, 530 (La. App. 4 Cir. 1990), which were sanctioned by the Louisiana Supreme Court in State v. Mouton, 95-981 (La. 04/28/95), 653 So.2d 1176, 1177 (per curiam).

[5] She contends that although defendant claimed that his trial counsel was ineffective, the allegations made cannot be established by the appellate record and should be addressed in a post-conviction proceeding in which defendant can petition for a full evidentiary hearing.

We have performed an independent, thorough review of the pleadings, minute entries, bill of information and transcripts in the appellate record. Our independent review of the record supports appellate counsel's assertion that there are no non-frivolous issues to be raised on appeal. The amended bill of information properly charged defendant and presents no non-frivolous issues supporting an appeal. As required, it plainly and concisely states the essential facts constituting the offense charged. It also sufficiently identifies defendant and the crime charged in compliance with La. C.Cr.P. arts. 464-466.

As reflected by the minute entries and commitment, defendant appeared at each stage of the proceedings against him, including his arraignment, his plea, and his sentencing. The presence of defendant does not present any issue that would support an appeal.

The record also indicates that defendant filed several motions, including a motion to suppress statement. The trial court denied defendant's motion to suppress statement and defendant did not preserve this issue for appeal under State v. Crosby, 338 So.2d 584 (La. 1976). It does not appear that the trial court ruled on the other motions prior to defendant pleading guilty, and defendant did not object to the trial court's failure to rule on said motions. When a defendant does not object to the trial court's failure to hear or rule on a pre-trial motion prior to pleading guilty, the motion is considered waived. *See* State v. Corzo, 04-791 (La. App. 5 Cir. 02/15/05), 896 So.2d 1101, 1102.

Defendant pled guilty as charged to the amended bill of information. A defendant who pleads guilty normally waives all non-jurisdictional defects in the proceedings leading up to the guilty plea and precludes review of such defects either by appeal or post-conviction relief. State v. Turner, 09-1079 (La. App. 5 Cir. 07/27/10), 47 So.3d 455, 459. Once a defendant is sentenced, only guilty pleas that are constitutionally infirm may be withdrawn by appeal or post-conviction relief.

<u>State v. McCoil</u>, 05-658 (La. App. 5 Cir. 02/27/06), 924 So.2d 1120, 1124. A guilty plea is constitutionally infirm if it is not entered freely and voluntarily, if the <u>Boykin</u> colloquy is inadequate, or when a defendant is induced to enter the plea by a plea bargain or what he justifiably believes was a plea bargain and that bargain is not kept. <u>Id.</u>

The record reveals no constitutional infirmities or irregularities in defendant's guilty plea that would render it invalid. On October 2, 2018, defense counsel told the trial court that defendant was going to plead guilty under <u>Alford</u>. Defendant executed a waiver of constitutional rights and plea of guilty form. During the colloquy, the trial court asked defendant if he was withdrawing his not guilty plea and pleading no contest under <u>Alford</u>, and defendant responded affirmatively. The State did not provide a factual basis for the charged offense.

Louisiana law does not require that a guilty plea be accompanied by a recitation of the factual basis for the crime. <u>State v. Autin</u>, 09-995 (La. App. 5 Cir. 04/27/10), 40 So.3d 193, 196, <u>writ denied</u>, 10-1154 (La. 12/10/10), 51 So.3d 725. "[T]he due process clause imposes no constitutional duty on state trial judges to ascertain a factual basis prior to accepting a guilty plea … Louisiana law, unlike [federal law], has no statutory provision requiring accompaniment of a guilty plea by the recitation of a factual basis." <u>State v. Bowman</u>, 18-517 (La. App. 5 Cir. 12/19/18), 262 So.3d 1075, 1078. Due process requires a finding of a significant factual basis for a defendant's guilty plea only when a defendant proclaims his innocence or when the trial court is otherwise put on notice that there is a need for an inquiry into the factual basis. <u>Autin</u>, 40 So.3d at 196-197.

A plea accompanied by a claim of innocence is an <u>Alford</u> plea and puts the trial court on notice that it must ascertain a factual basis to support the plea. <u>State v. Orman</u>, 97-2089 (La. 01/09/98), 704 So.2d 245 (*per curiam*). In a case involving a bona fide <u>Alford</u> plea, the record must contain "strong evidence of actual guilt."

<u>Alford</u>, 400 U.S. at 38. This court has recognized that where there is an <u>Alford</u> plea, "constitutional due process requires that the record contain 'strong evidence of actual guilt.'" <u>State v. Nelson</u>, 17-650 (La. App. 5 Cir. 05/23/18), 248 So.3d 683, 686 n.7.

In <u>State v. Scroggins</u>, 18-1943 (La. 06/26/19), 276 So.3d 131 (*per curiam*), the defendant had pled guilty under <u>Alford</u>, but the appellate court vacated the plea agreement because it found as error patent that the record of the guilty plea proceedings did not contain a factual basis as required by <u>Alford</u>. The Louisiana Supreme Court found that the record, including the pre-sentence investigation, police reports, and transcript of the sentencing hearing, provided a factual basis for the defendant's plea, and that the appellate court had erred in setting the plea aside *sua sponte* when the defendant's sole complaint on appeal pertained to the sentence imposed. Therefore, the Supreme Court reversed the ruling of the appellate court, re-instated the defendant's guilty plea, and remanded to the appellate court with instructions to consider the pretermitted assignment of error.

In <u>State v. Jackson</u>, 17-612 (La. App. 5 Cir. 04/11/18), 245 So.3d 1250, 1252, in an errors patent review, this court found that the defendant maintained his innocence and entered a guilty plea under <u>Alford</u>. However, this court further found that the State did not provide a factual basis for the plea and that the record did not otherwise establish that strong evidence of actual guilt existed sufficient to convict the defendant of aggravated battery. This court held that in the absence of a showing in the record that strong evidence of actual guilt existed, the defendant's guilty plea under <u>Alford</u> should not have been accepted and must be declared invalid.

In <u>State v. Kelly</u>, 17-221 (La. App. 5 Cir. 12/29/17), 237 So.3d 1226, 1233, <u>writ denied</u>, 18-153 (La. 11/05/18), 255 So.3d 1051, in an <u>Anders</u> appeal, the defendant's appellate counsel argued that although the factual basis presented by the State was "meager," the evidence presented at the suppression hearing could be

reviewed in establishing the factual basis required for an Alford plea. This court found that the State's factual basis for each plea was sufficient under Alford and the suppression hearing transcript contained strong evidence of the defendant's actual guilt. It stated that during a pretrial hearing, the defendant admitted his guilt to the trial court regarding the charged offenses. Thus, this court found that the record demonstrated strong evidence of the defendant's actual guilt for the charges and supported his Alford pleas.

In State v. Ordon, 18-295 (La. App. 5 Cir. 11/07/18), 259 So.3d 620, 626-627, in an Anders appeal, this court found that the record revealed one irregularity that did not present an issue for appeal. This court noted that the defendant's attorney stated that the defendant was pleading guilty under Alford because it was in his best interest to do so. However, it found that the State's factual basis as to the defendant's guilty plea was deficient. Nevertheless, finding that the testimony presented at the suppression hearing revealed strong evidence of the defendant's actual guilt of the crime, this court found that the lack of a factual basis by the State did not present an issue that should have been raised on appeal. *See also* State v. Jones, 07-512 (La. App. 5 Cir. 12/27/07), 975 So.2d 21, 26-27, writ denied, 08-0325 (La. 9/26/08), 992 So.2d 982.

In the instant case, the State did not provide a factual basis for the crime of sexual battery during the guilty plea colloquy. Although defendant did not proclaim his innocence, he stated that he was entering an Alford plea because it was in his "best interest" to do so. Neither the transcript of the guilty plea colloquy nor the transcript of the suppression hearing contains strong evidence of actual guilt. However, similar to Scroggins, in this case, the police report in the record contains strong evidence of actual guilt of sexual battery. The Jefferson Parish Sheriff's Office Arrest Report and Probable Cause Affidavit shows that on August 13, 2015, defendant was arrested for sexual battery and aggravated rape. The report further

reflects that after defendant was transported to the "investigations bureau," he "endorsed" a waiver of rights form and agreed to speak with detectives. The report indicates that during the interview, defendant confessed to "kissing" the eight-year-old victim's vagina "last summer" in 2014. Therefore, because the record contains strong evidence of defendant's guilt, we find that the lack of a factual basis by the State does not present an issue that should have been raised on appeal.

The transcript of the guilty plea proceeding and the wavier of rights form show that defendant was aware of the charge against him and that he was pleading guilty to sexual battery in violation of La. R.S. 14:43.1. Defendant was properly advised of his Boykin[6] rights, including the right to a trial by jury, the right to confrontation, and the privilege against self-incrimination, and that he understood he was waiving these rights by pleading guilty. The transcript of the colloquy and waiver of rights form show that defendant acknowledged and understood by pleading guilty to sexual battery in violation of La. R.S. 14:43.1 he must comply with registration and notification requirements as a sexual offender and that he received written notice of the registration and notification requirements as provided in R.S. 15:541.1. Defendant was informed of the minimum and maximum sentence range of the charged offense and of the actual sentence that would be imposed, to which defendant indicated he understood.[7]

Defendant affirmed that his no contest plea was in accordance with the provisions of Alford. He also acknowledged that he was satisfied with the way his attorney and the trial court handled his case, and that he had not been forced, coerced, or threatened to enter this plea. Defendant was advised that he had two years to file

---

[6] Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

[7] The trial court informed defendant that the sentencing range was zero to ten years, but it did not state whether it was *with or without hard labor.* However, defendant was informed that his actual sentence would be at hard labor; therefore, defendant was not prejudiced by the trial court's omission. Defendant was advised by the trial court and through the waiver of rights form of the actual sentence he would receive, and he received that sentence. An advisement of the agreed-upon sentence is sufficient for compliance with La. C.Cr.P. art. 556.1. State v. Kent, 15-323 (La. App. 5 Cir. 10/28/15), 178 So.3d 219, 229, writ denied, 15-2119 (La. 12/16/16), 211 So.3d 1165.

post-conviction relief after his conviction and sentence became final, and thirty days to appeal the sentence. Defendant was informed that his guilty plea could be used against him if he was convicted of a subsequent offense, and that if he was not a citizen, this plea may result in his deportation. Defendant further acknowledged that he understood all of the possible legal consequences of pleading guilty and wished to plead guilty because it was in his best interest. After the colloquy with defendant, the trial court accepted defendant's plea as knowing, intelligent, and freely and voluntarily made, and that defendant was informed of the nature of the charge in accordance with "State versus Reynolds."

On October 22, 2018, the trial court sentenced defendant to imprisonment at hard labor for ten years without the benefit of parole, probation, or suspension of sentence. Defendant's sentence was imposed pursuant to and in conformity with the plea agreement and falls within the prescribed statutory sentencing range. La. R.S. 14:43.1. La. C.Cr.P. art. 881.2(A)(2) precludes a defendant from seeking review of a sentence that was imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. State v. Moore, 06-875 (La. App. 5 Cir. 04/11/07), 958 So.2d 36, 46; State v. Augustine, 14-747 (La. App. 5 Cir. 05/14/15), 170 So.3d 1123, 1128. Additionally, defendant's plea agreement was beneficial to him in that he received a substantial benefit by pleading guilty to the reduced charge of sexual battery. Defendant was sentenced to ten years on the reduced charge rather than twenty-five to ninety-nine years if he had been convicted of the original charge. Accordingly, the trial court proceedings and defendant's sentence do not present any non-frivolous issues to be raised on appeal.

Because appellate counsel's brief adequately demonstrates by full discussion and analysis that she has reviewed the trial court proceedings and cannot identify any basis for a non-frivolous appeal, and our independent review of the record

supports counsel's assertion, appellate counsel's motion to withdraw as attorney of record is granted.

**ERRORS PATENT REVIEW**

Defendant requests an errors patent review, which this court routinely conducts in accordance with the mandates of La. C.Cr.P. art. 920; <u>State v. Oliveaux</u>, 312 So.2d 337 (La. 1975); and <u>State v. Weiland</u>, 556 So.2d 175 (La. App. 5 Cir. 1990) regardless of whether defendant makes such a request. We have reviewed the record and do not find any errors that require corrective action.

**DECREE**

For the above discussed reasons, defendant's conviction and sentence are affirmed and defense counsel's motion to withdraw is granted.

<u>**CONVICTION AND SENTENCE AFFIRMED;**</u>
<u>**MOTION TO WITHDRAW GRANTED**</u>

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

NANCY F. VEGA
CHIEF DEPUTY CLERK

SUSAN S. BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 24, 2021** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 21-KA-528

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE GLENN B. ANSARDI (DISTRICT JUDGE)
HONORABLE DONALD L. FORET (DISTRICT JUDGE)
ANDREW DECOSTE (APPELLEE)          THOMAS J. BUTLER (APPELLEE)          JANE L. BEEBE (APPELLANT)

**MAILED**
HONORABLE PAUL D. CONNICK, JR.
(APPELLEE)
DISTRICT ATTORNEY
MARKO MARJANOVIC (APPELLEE)
ASSISTANT DISTRICT ATTORNEY
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053